UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:11-cr-042-JMS-KPF |
| | ) | |
| TIMOTHY S. DURHAM, *et al.*, | ) | |
|     *Defendants.* | ) | |

## ORDER DENYING DEFENDANT TIMOTHY DURHAM'S MOTION TO VACATE

Currently pending before the Court is Defendant Timothy Durham's Motion to Vacate Magistrate Judge Foster's Order Regarding Conditions of Release. [Dkt. 47.] Mr. Durham argues that Magistrate Judge Foster lacked the authority to reconsider or review the conditions of release previously set by a magistrate judge in California. [Dkt. 47 at 2 (citing 18 U.S.C. §§ 3141, 3145).] Therefore, Mr. Durham asks this Court to vacate Magistrate Judge Foster's order and release Mr. Durham from Volunteers of America ("<u>VOA</u>"). [Dkt. 47 at 2.]

### I.
#### BACKGROUND

On March 15, 2011, Mr. Durham was indicted in the Southern District of Indiana on multiple counts of criminal conduct. [Dkt. 1.] The following day, Mr. Durham was arrested in California and conditions of bond as agreed to by the parties were set by a magistrate judge in the Central District of California. [Dkt. 47 at 1.] As a condition of release, Mr. Durham was to provide a statement of assets. [*Id.*]

On April 6, 2011, Magistrate Judge Foster held a hearing on an initial appearance on Mr. Durham's indictment. [Dkt. 44 at 1.] Magistrate Judge Foster was dissatisfied with Mr. Durham's financial disclosures and orally ordered him to file "full and complete financial disclosures" within seven days. Magistrate Judge Foster issued an Order Setting Conditions of Release

that, among other things, requires Mr. Durham to participate in a location monitoring program at VOA. [Dkt. 43 at 2.] Pursuant to that order, Mr. Durham is restricted to 24-hour-a-day lock-down at VOA except for medical necessity, court appearances, and other activities specifically approved by the Court. [*Id.*] A hearing regarding the status of Mr. Durham's release is set for April 11, 2011 before Magistrate Judge Foster. [Dkt. 44 at 1.]

## II.
### DISCUSSION

The Court has reviewed a transcript of the relevant portions of the hearing before Magistrate Judge Foster. As an initial matter, the Court emphasizes that Magistrate Judge Foster did not order Mr. Durham detained pursuant to 18 U.S.C. § 3142(f). The United States Supreme Court has held that a defendant released to a VOA community treatment center is not officially detained for purposes of the Bail Reform Act because that defendant is not subject to the complete control of the Bureau of Prisons. *Reno v. Koray*, 515 U.S. 50, 57, 62-63 (1995) (interpreting 18 U.S.C. § 3585 of the Bail Reform Act); *see also Schaefer v. Bezy*, 199 Fed. Appx. 548, 551 (7th Cir. 2006) (citing *Reno* for holding that "time spent at a Volunteers of America facility was not 'official detention'"). Although Mr. Durham cites *United States v. Cisneros* to support his argument, [dkt. 47 at 2], that case is inapposite because *Cisneros* involved review of the decision to detain the defendant after the initial magistrate judge had permitted release, 328 F.3d 610, 613 (10th Cir. 2003). No detention order was entered here.

Keeping in mind that Magistrate Judge Foster did not order Mr. Durham detained, the Court must address whether Magistrate Judge Foster had the authority to amend the conditions of Mr. Durham's release. 18 U.S.C. § 3142(c)(3) provides that a judicial officer may impose addi-

tional or different conditions of release "at any time."[1]  Additionally, the Seventh Circuit Court of Appeals has held that "the most informed decisions [about conditions of release] will almost always be made in the charging district," *United States v. Dominguez*, 783 F.2d 702, 705 (7th Cir. 1986), which in this case is the Southern District of Indiana.

Given the Seventh Circuit's preference for the charging district to determine the conditions of release and the broad language in § 3142(c)(3), the Court concludes that Magistrate Judge Foster acted within his authority when he amended Mr. Durham's conditions of release and restricted him to VOA.  The parties represented to Magistrate Judge Foster that they are still working out the details regarding adequate security for Mr. Durham's bond.  Additionally, Magistrate Judge Foster found Mr. Durham's financial statement to be lacking and orally ordered him to provide a "full and complete financial disclosure" within seven days.  Mr. Durham's assets are certainly relevant to his conditions of release.  Magistrate Judge Foster was within his authority when he took these circumstances into account and amended Mr. Durham's conditions of release.

Magistrate Judge Foster has set a hearing for April 11, 2011 to review the status of Mr. Durham's conditions of release.  Therefore, this Court considers the matter to continue to be under advisement with Magistrate Judge Foster and any further review by this Court to be premature.  For these reasons, the Court **DENIES** Mr. Durham's Motion to Vacate Magistrate Judge Foster's Order Regarding Conditions of Release.  [Dkt. 47.]

---

[1] Mr. Durham cites authority for the contention that the phrase "a judge of a court having original jurisdiction" (used in 18 U.S.C. § 3145) means a district judge, not a magistrate judge.  *Cisneros*, 328 F.3d at 615; *United States v. Nafea*, 2008 WL 1994888 (Dist. Colo. 2008).  Mr. Durham does not, however, argue or cite authority for the proposition that the words "judicial officer" in § 3142(c)(3) do not include a magistrate judge.  Magistrate judges have the authority to set conditions of release.  *See* 18 U.S.C. §§ 3041, 3141.

04/07/2011

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Howard M. Srebnick
BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.
Srebnick@royblack.com

Tyler D. Helmond
VOYLES ZAHN PAUL HOGAN & MERRIMAN
thelmond@vzphmlaw.com

Jennifer Lukemeyer
VOYLES ZAHN PAUL HOGAN & MERRIMAN
jlukemeyer@vzphmlaw.com

James H. Voyles
VOYLES ZAHN PAUL HOGAN & MERRIMAN
jvoyles@vzphmlaw.com

Thomas W. Farlow
FROST BROWN TODD LLC
tfarlow@fbtlaw.com

Henry Van Dyck
U.S. DEPARTMENT OF JUSTICE
Henry.Van.Dyck@usdoj.gov

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov

Robertson Park
U.S. DEPARTMENT OF JUSTICE
Robertson.Park@usdoj.gov

Joe Howard Vaughn
UNITED STATES ATTORNEY'S OFFICE
joe.vaughn@usdoj.gov