UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:11-cr-00042-JMS-KPF |
| | ) | |
| TIMOTHY S. DURHAM, | ) | -01 |
| JAMES F. COCHRAN, and | ) | -02 |
| RICK D. SNOW, | ) | -03 |
|     *Defendants.* | ) | |

## **ORDER TO SHOW CAUSE**

This Court has ordered Defendant Timothy S. Durham to file a redacted financial statement and a memorandum supporting proposed redactions numerous times, most recently at a hearing on July 21, 2011. [Dkt. 106.] Mr. Durham filed his redacted financial statement and supporting memorandum on July 25, 2011; however, he filed both of those documents under seal with no motion supporting why either of those documents should be maintained under seal.[1]

"It is beyond dispute that most documents filed in court are presumptively open to the public." *Bond v. Utreras*, 585 f3 1061, 1073 (7th Cir. 2009). Information that affects the disposition of issues at hand in the litigation "belongs in the public record unless a statute or privilege justifies nondisclosure." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009). The standards the Seventh Circuit Court of Appeals set forth in *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545-46 (7th Cir. 2002), also apply to criminal cases, *Foster*, 564 F.3d at 853. Although many litigants would like to keep financial and personal information confidential, when that information is "vital to claims made in litigation they must be revealed." *Baxter Int'l*, 297 F.3d at 545.

---

[1] The Court also ordered Mr. Durham to submit an unredacted financial statement *ex parte* for the Court's review, which he did on July 25, 2011.

The purpose of the Court ordering Mr. Durham to <u>file</u> a redacted financial statement was so that portions of the statement for which he did not claim a privilege—i.e., the unredacted portions—would be open to the public. Pursuant to the Court's orders, Mr. Durham was also to file a memorandum supporting the redactions so that the Court could evaluate whether the redactions were proper. At this time, the Court can see no reason why the supporting memorandum should be filed under seal.

For these reasons, the Court **ORDERS** Mr. Durham to show cause by **July 29, 2011** why the Court should not unseal the redacted financial statement and supporting memorandum. [Dkts. 112; 112-1.] Should he fail to do so, the Court will unseal the documents at issue. Mr. Durham is permitted to file an amended supporting memorandum by that date should he choose to do so. If he believes any portion of the supporting memorandum should be maintained under seal, he is to file a motion requesting leave to file the affected portions under seal with supporting authority and to comply with Local Rule 5.3.

07/26/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

All Counsel of Record