UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 1:11-cr-00042-JMS-KPF |
| | ) | |
| TIMOTHY S. DURHAM, | ) | |
|     *Defendant.* | ) | |

# **ORDER**

A grand jury has returned a superseding indictment in this case that alleges that Defendant Timothy S. Durham (and co-Defendants not relevant here) conspired to commit, and did commit, wire and securities fraud. [*See* dkt. 19.] The superseding indictment references wiretapped telephone calls. Mr. Durham has filed a motion to dismiss the superseding indictment because, he says, the Government engaged in wiretaps before it had Court authorization to do so. [Dkt. 143.] In the alternative, he seeks to suppress all the wiretap evidence that the Government has obtained. [Dkt. 144 at 19.]

Where, as here, a defendant alleges that the Government wiretapped a telephone call without legal authorization, the defendant must first show that wiretapping actually occurred. *See Alderman v. United States*, 394 U.S. 165, 183 (1969) ("[W]hen an illegal search has come to light, [the Government] has the ultimate burden of persuasion to show that its evidence is untainted [by illegal electronic surveillance]. But at the same time petitioners acknowledge that they must go forward with specific evidence demonstrating taint."). Although offered the opportunity to present witness evidence at a hearing, [*see* dkt. 166], Mr. Durham chose to stand on his

briefing and accompanying exhibits, [*see* dkt. 208], as supplemented with oral argument, [*see* dkt. 233].[1]

**FINDINGS OF FACT**[2]

On the basis of the evidentiary record provided to the Court, the Court makes the following findings of fact:

1. On September 11, 2009, the Court issued an order authorizing the Government to install a pen register and tap-and-trace device ("<u>Pen Register</u>") on Mr. Durham's cell phone for sixty days. The Court renewed that authorization for another sixty days on November 5, 2009.

2. Among other things, the Court's authorization orders permitted the Government:

> to receive and register (1) numbers dialed or pulsed in order to process outgoing calls, including but not limited to the incoming and outgoing electronic or other impulses which identify the outgoing number and/or the originating number of a wire or electronic communication [with the cell phone]; [and] (2) source telephone numbers, as available, associated with incoming calls…. [3]

3. On September 12, 2009, the FBI set up a computer program to conduct the authorized Pen Register.

4. The PEN Register software could indicate that data sent to or from Mr. Durham's cell phone was a text message, but not its content.

5. On November 2, 2009, the FBI installed another computer program, called "Voice Box," to conduct the Pen Register. In addition to providing the same information as the earlier

---

[1] At the hearing, Mr. Durham indicated that he had an outstanding discovery request from the Government for information required under 18 U.S.C. § 3123(3)(A)(iii). As counsel made no further mention of the outstanding discovery request at the next hearing in this case, or in counsel's various status reports to the Court, the Court will assume that the requested information has been provided, absent a motion to compel.

[2] Any finding of fact more properly characterized as a conclusion of law is so adopted, and vice versa.

[3] *In re the Application of the United States of America*, 1:09-mc-00142-LJM-KPF (S.D. Ind.) [dkts. 5 at 3; 11 at 3.]

software, the software could also capture content of telephone transmissions—if and when the telephone carrier (Verizon) should ever route such content to the FBI. The FBI anticipated seeking a wiretap authorization that would order should routing in the near future.

6. On November 2, 2009, the FBI conducted tested the Voice Box's ability to capture audio content by having it record content from two FBI phone lines from a third FBI phone line.

7. On November 6, 2009, the Court issued a wiretap authorization for Mr. Durham's cell phone.[4]

8. In response to that order, Verizon began routing content of the cell phone to the FBI on November 9, 2009, at approximately 2:00 a.m., enabling the capture of both audio and text-message content.

9. Prior to November 9, 2009, at approximately 2:00 a.m., no evidence in the record establishes that the FBI had access to or recorded audio or text-message content from Mr. Durham's cell phone, or that the FBI attempted to do so without Court authorization. Further, the Court accepts the Government's sworn affidavit that specifically denies the same. [Dkt. 277.]

CONCLUSIONS OF LAW

Mr. Durham seeks dismissal of the indictment or suppression under two theories: as a matter of due process for "outrageous government misconduct" and under 18 U.S.C. § 2515 (requiring suppression of illegally wiretapped communications). As he clarified at the hearing on his motion, he claims that he is entitled to relief for three instances of alleged misconduct: (1) the installation of the Voice Box software on November 2 that was capable of recording call content, (2) the testing of that software with the voice captures on November 2, and (3) the contin-

---

[4] *In re the Application for Interception of Wire Communication*, 1:09-mc-000179-SEB-DML (S.D. Ind.) [dkt. 2].

ued operation of that software after November 6 wiretap authorization, rather than the installation of a new wiretap.[5]

The Court can, as a matter of law, quickly reject Mr. Durham's theory about "outrageous misconduct" as a basis to dismiss the indictment. Until the Supreme Court endorses the theory, or the Seventh Circuit changes its mind, outrageous misconduct—even if proven—does not justify a dismissal of the indictment. *United States v. Boyd*, 55 F.3d 239, 241 (7th Cir. 1995) (holding that the doctrine of outrageous governmental misconduct "does not exist in this circuit").

Any relief must, therefore, come from having established a violation of the federal wiretapping statute (or, formally, Title III of the Omnibus Crime Control and Safe Streets Act of 1968, *codified at* 18 U.S.C. §§ 2510-22). As is relevant here, that statute prohibits "intentionally intercept[ing], endeavor[ing] to intercept, or procur[ing] any other person to intercept or endeavor to intercept any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a). It also prohibits anyone from "intentionally us[ing], endeavor[ing] to use, or procur[ing] any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication." *Id.* § 2511(1)(b). The statute does, however, contain various exceptions. For example, an exception exists for government agents to record either their own phone calls or calls with the permission of one participant, *id.* § 2511(2)(c), and another for surreptitious recording of third-party calls done pursuant to judicial authorization, *id.* § 2516.

The Court rejects Mr. Durham's claim that the Government violated 18 U.S.C. § 2511 when it installed Voice Box on November 2. At the hearing, Mr. Durham made clear that he believes that the Voice Box was illegal because it enabled the Government to access audio and data

---

[5] Mr. Durham's initial papers may have raised other potential issues that were not clearly developed within the papers themselves or addressed at oral argument. The Court will focus on the array of claims that were adequately developed and presented at oral argument, and deems any other issues abandoned as undeveloped.

transmitted across the cell connection—as opposed to simply knowing that audio and/or data was being transmitted, as the Pen Register does. Mr. Durham's claim is, however, inconsistent with the facts that the Court has found from the evidence presented and thus fails as a matter of fact.

As for Mr. Durham's claim that the testing of the Voice Box software on November 2 consisted an illegal "endeavor" to engage in wiretapping of Mr. Durham's phone, the Court rejects that claim as a matter of law. As indicated above, Congress has explicitly decided that "[i]t shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." 18 U.S.C. § 2511(2)(c). Given that Mr. Durham has been unable to marshal any case authority for his claim that merely testing software in anticipation of obtaining judicial authorization violates the statute, the Court finds that the Voice Box testing here—conducted on FBI lines with only an FBI technician speaking—falls within the express authorization that Congress has provided in the wiretapping statute. FBI technicians can conduct as many audio tests using their own calls as they wish.

Finally, the Court rejects Mr. Durham's final basis for relief. He argues that because the November 2 installation of the Voice Box Software was improper, it could not legitimately conduct wiretaps even after judicial authorization was received on November 6; a new wiretap was required. The Court's rejection of his arguments as to the illegality of the Voice Box software on November 2 necessarily means that his final basis fails as well.

## Conclusion

The Government's evidence establishes that Mr. Durham's suspicion of unauthorized wiretapping was unfounded, and Mr. Durham has introduced no evidence to the contrary. Even if "outrageous government misconduct" existed as a basis to dismiss indictments, that theory

- 5 -

would have no application here.  Nor does 18 U.S.C. § 2511(1)(a) or (b) provide any relief, the Government's conduct here was consistent with—not contrary to—its terms.  Accordingly, Mr. Durham's motion to dismiss, [dkt. 143], is **DENIED**.

04/19/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Henry Van Dyck
U.S. DEPARTMENT OF JUSTICE
Henry.Van.Dyck@usdoj.gov

Winfield D. Ong
UNITED STATES ATTORNEY'S OFFICE
winfield.ong@usdoj.gov

Robertson Park
U.S. DEPARTMENT OF JUSTICE
Robertson.Park@usdoj.gov

Nicholas E. Surmacz
UNITED STATES ATTORNEY'S OFFICE
nicholas.surmacz@usdoj.gov

John L. Tompkins
BROWN TOMPKINS LORY & MASTRIAN
johnltom@mac.com

Henry Parker Van Dyck
UNITED STATE DEPARTMENT OF JUSTICE
henry.van.dyck@usdoj.gov

Joe Howard Vaughn
UNITED STATES ATTORNEY'S OFFICE
joe.vaughn@usdoj.gov

William H. Dazey , Jr.
INDIANA FEDERAL COMMUNITY DEFENDERS
bill.dazey@fd.org

Jeffrey Allen Baldwin
VOYLES ZAHN PAUL HOGAN & MERRIMAN
jbaldwin@vzplaw.com