UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Cause No. 1:11CR42-JMS-DML-1 |
| TIMOTHY S. DURHAM, ) | |
| ) | |
| Defendant, ) | |

## MOTION TO APPLY FUNDS TO OUTSTANDING FINANCIAL PENALTIES

The United States of America, by counsel, respectfully requests that the Court order the Federal Bureau of Investigation ("FBI") to pay to the Clerk of the United States District Court $96.00 in United States Currency seized from the Defendant Timothy S. Durham and further to direct the Clerk to credit that sum toward the Defendant's outstanding criminal financial obligations, for the reasons set forth below.

**A.     Factual and Procedural Background**

On November 30, 2012, the Court entered a Judgment in a Criminal Case against Timothy S. Durham and then on December 12, 2012, the Court amended the Judgment in the Criminal Case against Timothy S. Durham, sentencing him to a term of imprisonment, and ordering him to pay restitution in the amount of $208,830,082.27 and a special assessment in the amount of $1,200.00.   (Dkt. 448 and 456.)   The Court ordered payment to be due in full "immediately."  *Id*.   Durham's Judgment remains unpaid with a balance of $208,808,332.90 as of the date of filing this motion.  *Id.*

During the investigation of this case, $96.00 in United States Currency was seized from Durham's business offices ($28.00 recovered from Fair Finance, Akron, Ohio; $3.00 recovered

from Obsidian Enterprises, Inc., Indianapolis, Indiana; and $65.00 recovered from Fair Finance, Akron, Ohio) by the FBI.[1] The United States Currency has not been forfeited and remains in the possession of the FBI. The United States Attorney's Office, through the undersigned counsel, was recently notified that the FBI has these funds in its possession.

**B.  The Cash May Properly Be Applied to Durham's Outstanding Obligations**

At the time Durham was sentenced, Subchapter B of chapter 229 of Title 18, United States Code § 3613 provided that "[a] fine . . . or an order of restitution . . . is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated under subsection (b)." 18 U.S.C. § 3613(c).

Thus, upon the entry of the Judgment in the Criminal Case, a lien in favor of the United States arose on all of the property in which Durham claims any ownership interest – including the United States Currency that is already in the United States' possession. That lien is enforceable to the full extent necessary to satisfy the defendant's restitution and fine obligations. *See United States v. Lampien*, 89 F.3d 1316, 1319-20 (7th Cir. 1996) (interpreting collection provisions under precursor to the MVRA, the Victim Witness Protection Act); *see also Auclair v. Sher*, 63 F.3d 407, 409 (5th Cir. 1995) (lien "arises at the time of judgment and can be enforced against all property belonging to the person fined").

Indeed, in *United States v. Meux*, 597 F.3d 835 (7th Cir. 2010), the Seventh Circuit

---

[1] A review of the Indiana Secretary of State website indicates that Obsidian Enterprise, Inc. has been dissolved and is no longer in business.

affirmed a district court "turnover" order, which required the Marshal's Service to turn over to the Clerk cash seized from a defendant in unrelated criminal case, even though the United States was also simultaneously garnishing the defendant's wages. The court acknowledged that "[t]he FDCPA provides that the availability of proceedings, such as garnishment proceedings, as a mechanism for collecting debts 'shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case.'" *Id.* at 837 (citing 28 U.S.C. § 3003(b)(2)). Similarly here, the cash seized from Durham was subject to a lien to satisfy the restitution obligation and may be properly turned over to the Clerk's Office to satisfy that obligation. *See also United States v. Sawyer,* 521 F.3d 792, 795 (7th Cir. 2008) (acknowledging that payments made under the Inmate Financial Responsibility Program are within the discretionary authority of the BOP and part of its programming, and are separate from judicial imposition of judgment through restitution); *United States v. Minneman*, 38 Fed.Appx. 321 (7th Cir. 2002) (holding that defendant's payment agreement with BOP through IFRP did not bar United States from garnishing cash value of life insurance to apply to restitution judgment); *United States v. House*, 808 F.2d 508, 510 (7th Cir. 1986) (indigency does not preclude an award of restitution to be paid from prison wages).

Under Rule 69 of the Federal Rules of Civil Procedure, the process to enforce a judgment for the payment of money is by writ of execution, unless the court directs otherwise. Rule 69 provides:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought,

> except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a). In accordance with Rule 69, process to enforce the judgment would ordinarily be by a writ of execution issued under the Federal Debt Collections Procedures Act ("FDCPA"), 28 U.S.C. § 3203(c)(1), or in regard to property not in the possession of the debtor, a writ of garnishment under 28 U.S.C. § 3205. These are the procedures generally invoked by the United States to obtain possession of property or assets to satisfy debts. *See* 28 U.S.C. §§ 3203 & 3205. Because, however, the United States currently has possession of the property, and has not waived sovereign immunity to all garnishment and execution proceedings, it is appropriate for the United States to obtain an order under Rule 69 allowing the district court "to direct otherwise" the process for satisfaction of the Judgment, rather than to initiate an adversary proceeding against itself.

WHEREFORE, the United States respectfully requests that the Court enter an Order directing the FBI to convert the United States Currency ($96.00) into a check or money order made payable to the Clerk of the United States District Court, Southern District of Indiana, and to deliver the check to the Clerk at 46 E. Ohio Street, Indianapolis, Indiana, 46204. The United States further requests that the Court direct the Clerk to apply the money to the outstanding balance of Durham's financial obligations under the Judgment entered in this cause.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By: *s/ Debra G. Richards*
Debra G. Richards
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 3rd, 2017 a copy of the foregoing **MOTION TO APPLY FUNDS TO OUTSTANDING FINANCIAL PENALTIES** was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system. I further certify that on October 3rd, 2017 a copy of the foregoing **MOTION TO APPLY FUNDS TO OUTSTANDING FINANCIAL PENALTIES** was mailed, by first class U.S. Mail, postage prepaid and properly addressed to the following:

Federal Bureau of Investigation
8825 Nelson B Klein Pkwy
Indianapolis, IN 46250

Timothy S. Durham
Register Number: 60452-112
McCreary USP
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY 42635

Fair Finance Company
c/o Keith E. Schaffer
815 East Market Street
Akron, OH 44305

                                                *s/ Debra G. Richards*
                                                Debra G. Richards
                                                Assistant United States Attorney

Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, IN 46204
Telephone: 317-226-6333